■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW STROUDER, Also Known as HARVEY PARKER, Appellant

The defendant correctly contends, and the People concede, that an undercover officer's identification of the defendant was improperly bolstered by another police officer *(see, People v Trowbridge,* 305 NY 471). However, this error does not warrant reversal of the defendant's conviction. The claimed error is based upon a single unsolicited statement which merely corroborated the uncontroverted identification of the defendant. Moreover, the defense counsel's objection was sustained, the statement was stricken from the record, and the trial court gave prompt curative instructions to the jury. Therefore, and especially in view of the fact that the proof of the defendant's guilt was overwhelming, any error arising from the isolated statement was harmless *(see, People v Johnson,* 57 NY2d 969; *People v Sorgente,* 90 AD2d 559).

The defendant's remaining contentions are similarly unavailing. The packet of cocaine which defendant sold to the undercover officer was properly admitted into evidence since there were reasonable assurances of its identity and unchanged condition *(see, People v McGee,* 49 NY2d 48, 59, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Julian,* 41 NY2d 340, 343-344). Under the circumstances of this case, the alleged infirmities in the chain of custody went to the weight of the real evidence and not to its admissibility *(see, People v McGee, supra,* at p 60; *People v Julian, supra,* at p 344; *People v Capers,* 105 AD2d 842).

Finally, the remaining evidentiary error raised by the defendant was not specifically objected to by the defendant and his claim with respect thereto has not been preserved for our review (CPL 470.05 [2]; *People v Donovan,* 59 NY2d 834). In any event, under the circumstances of this case, that contention is without merit. Mollen, P. J., Brown, Weinstein and Rubin, JJ., concur.