■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK McDONALD, Appellant. [606 NYS2d 252] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered November 27, 1991, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of criminal possession of a controlled substance in the seventh degree, and the sentence imposed thereon, and that count of the indictment is dismissed; as so modified, the judgment is affirmed.

In light of the People's failure to provide the defendant with a manila envelope upon which were handwritten notes made by an undercover officer, the hearing court properly determined that an adverse inference charge should be given at the trial. As the hearing court properly noted, there was no prejudice to the defendant, since the police report, which was made available to the defendant, contained all of the handwritten information on the missing manila envelope, including a description of the defendant. That police report was written by a detective about 10 minutes after meeting with the undercover officer. As a result, the trial court properly refused

to preclude the testimony of the undercover officer *(see, People v Martinez,* 71 NY2d 937, 940; *People v Kelly,* 62 NY2d 516, 520-521; *People v Vasquez,* 141 AD2d 880, 881-882; *People v Wells,* 144 AD2d 400).

The court properly exercised its discretion in its *Sandoval* ruling, which only permitted inquiry into the defendant's prior felony and the sentence of three years imprisonment imposed thereon, and which precluded any inquiry into the type of crime or underlying facts *(see, People v Williams,* 56 NY2d 236, 238-239; *People v Winters,* 194 AD2d 703; *People v Tirado,* 192 AD2d 755).

Nor do we find any merit to the defendant's claim that the trial court improperly or unfairly marshaled the evidence in its charge to the jury. In its charge, the trial court simply stated the material legal principles applicable to this case, and in doing so, it referred to some identification evidence in order to explain those principles to the jury *(see, People v Williamson,* 40 NY2d 1073, 1074; *People v Williams,* 195 AD2d 986; *People v Hollis,* 106 AD2d 462, 464). In addition, the trial court instructed the jurors that any references to the evidence were intended only to illustrate aspects of the law and the application of the law to the facts. The jurors were instructed not to attach any greater weight or significance to such references *(see, People v Glenn,* 160 AD2d 813).

Because criminal possession of a controlled substance in the seventh degree is a lesser-included offense of criminal possession of a controlled substance in the third degree, it should have been dismissed as a matter of law *(see, People v Troche,* 141 AD2d 377, 378; *People v Rodriguez,* 126 AD2d 681, 682).

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review, or without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.