■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN MARTINEZ, Appellant. [619 NYS2d 134] —Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Rosato, J.), rendered November 23, 1992, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the seventh degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a controlled substance in the seventh degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

The People concede that criminal possession of a controlled substance in the seventh degree is a lesser-included offense of criminal possession of a controlled substance in the third

degree. We agree and dismiss that count of the indictment as a matter of law *(see, People v McDonald,* 199 AD2d 539, 540).

In addition, it was error to permit the back-up officer to testify, over objection, that he had identified the defendant after conferring with the undercover detective who had observed the perpetrator, because such testimony constitutes improper bolstering *(see, People v Holt,* 67 NY2d 819, 821; *see also, People v Trowbridge,* 305 NY 471, 477-478; *People v Faison,* 126 AD2d 739, 739-740). However, the error was harmless in view of the overwhelming evidence of the defendant's guilt *(see, People v Johnson,* 57 NY2d 969, 970-971; *see also, People v Briggs,* 156 AD2d 574, 574-575).

The sentence imposed was not excessive *(see, People v Durkin,* 132 AD2d 668, 669; *see also, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. Sullivan, J. P., Rosenblatt, Pizzuto and Altman, JJ., concur.