■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCOS ESPINOZA, Appellant. [661 NYS2d 244] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered June 29, 1995, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Pursuant to a so-called "buy and bust" operation, the defendant was arrested for selling cocaine to an undercover police officer in Brooklyn on September 1, 1994. Contrary to the defendant's contention, the court properly exercised its discre-

tion in its *Sandoval* ruling. The defendant had two related prior convictions, the first conviction resulting from a plea of guilty on February 7, 1994, to attempted criminal sale of a controlled substance in the third degree, and the second conviction resulting from a plea of guilty on October 6, 1994, to attempted criminal possession of a controlled substance in the third degree. The court only allowed inquiry into the facts that the defendant had been convicted of a felony on February 7, 1994, and October 6, 1994, respectively, and the sentences the defendant received, and precluded any inquiry into the specific convictions or their underlying facts *(see, People v McDonald, 199 AD2d 539)*. The court balanced the competing considerations and determined that the probative value of the crimes concerning the defendant's tendency to put his own interests above that of society outweighed any prejudicial effect such evidence may have had on the jury *(see, People v Pavao, 59 NY2d 282; People v Roman, 190 AD2d 831, affd 83 NY2d 866)*.

The court did not err in sentencing the defendant as a second felony offender. The People satisfied their burden at the predicate felony hearing by establishing beyond a reasonable doubt the existence of the defendant's prior felony conviction on February 7, 1994 *(see, CPL 400.21 [7] [a])*. Once the fact of the prior conviction was established, the burden shifted to the defendant to prove that his conviction was unconstitutionally obtained *(see, CPL 400.21 [7]; People v Harris, 61 NY2d 9)*. The defendant's only ground to support his claim was his assertion that he was deprived the effective assistance of counsel at the time of his plea to the prior felony. This assertion, with nothing more, was insufficient to satisfy the defendant's burden *(see, People v Anderson, 100 AD2d 937)*. Accordingly, the Supreme Court properly adjudicated the defendant a second felony offender. O'Brien, J. P., Joy, Goldstein and Luciano, JJ., concur.