■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
ERIC MOORE, Appellant. [749 NYS2d 266] —Appeal by the defendant from a judgment of the County Court, Nassau County (Harrington, J.), rendered October 31, 1994, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court failed to honor his request to include specific language in its charge to the effect that, in determining whether there was proof beyond a reasonable doubt, the jurors should consider not only the evidence before them, but the lack of evidence as well. We disagree. Although the language used by the court in charging the jury to consider lack of evidence was not identical to that requested by the defendant, i.e., "lack of evidence," the trial court specifically stated, during its reasonable doubt charge, that the jury should consider "the presence of certain facts or the absence of certain facts in the proof." This phrase is equivalent to charging the jurors that they should consider any lack of evidence in the People's proof in determining whether guilt had been proven beyond a reasonable doubt. Accordingly, the record supports the conclusion that the charge, when viewed as a whole, conveyed the appropriate standard to be applied by the jurors in evaluating the evidence (*see generally People v Canty,* 60 NY2d 830; *People v Reyes,* 207 AD2d 362).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Feuerstein, J.P., S. Miller, Friedmann and Cozier, JJ., concur.