■ The People of the State of New York, Respondent, v Godreality Way, Appellant. [893 NYS2d 265]—

The defendant's contention that the prosecution failed to present legally sufficient evidence of his guilt of criminal sale of a controlled substance in or near school grounds is without merit. Viewing the evidence in the light most favorable to the prosecu-

tion (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to prove, beyond a reasonable doubt, that on three separate occasions the defendant knowingly and unlawfully sold narcotic drugs upon the grounds of a child day care center under circumstances which evinced his knowledge that the sales were taking place upon such grounds (*see* Penal Law § 220.44 [4]-[6]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the trial court did not improvidently exercise its discretion in denying his motions for a mistrial, which were based upon a detective's testimony referring to an undercover officer's identification of the defendant on the date of his arrest. The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial (*see People v Knorr*, 284 AD2d 411, 412 [2001]; *People v Williams*, 264 AD2d 745, 746 [1999]; *People v Wakefield*, 212 AD2d 649 [1995]). Here, as the People correctly concede, the detective's remarks concerning the undercover officer's identification of the defendant constituted improper bolstering (*see People v Trowbridge*, 305 NY 471, 477 [1953]; *People v Martinez*, 209 AD2d 641, 642 [1994]). However, the trial court's decision to strike the challenged testimony and give an immediate curative instruction was sufficient to dispel whatever prejudicial effect this testimony may have had (*see People v Strouder*, 124 AD2d 841, 842 [1986]; *People v Jenkins*, 122 AD2d 74 [1986]; *People v Fisher*, 112 AD2d 378 [1985]).

The trial court did not err in denying the defendant's request to incorporate certain language into the jury charge on reasonable doubt. The charge, as given, adequately apprised the jury that reasonable doubt could arise from a lack of evidence as well as from the evidence presented (*see People v Moore*, 298 AD2d 603 [2002]; *cf. People v Broderick*, 255 AD2d 389, 390 [1998]; *People v Roldos*, 161 AD2d 610 [1990]).

The defendant's remaining contention is without merit. Rivera, J.P., Dillon, Belen and Roman, JJ., concur.