■ ROBERT M. MORGENTHAU, District Attorney of New York County, Respondent, v RIAD KHALIL, Also Known as STEVE KHALIL, Appellant. [902 NYS2d 501]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered January 8, 2010, which, in a forfeiture action under CPLR article 13-A, inter alia, granted plaintiff's motion for a

preliminary injunction and order of attachment, unanimously affirmed, without costs.

A documented, comprehensive, and detailed case against defendant is presented by the underlying 185-count indictment charging defendant with falsifying business records in the first degree (Penal Law § 175.10), a class E felony, and failure to properly file currency transaction reports (Banking Law § 372 [7]), a class A misdemeanor under Banking Law § 373 (4), the complaint in this action, and the affidavit of the supervising investigator submitted in support of plaintiff's motion for provisional remedies. More particularly, it appears that defendant, conspiring or acting in concert with two other individuals, engaged in an illegal check cashing scheme and circumvented federal and state banking laws by structuring numerous check cashing transactions and falsifying business records to make it appear that the checks were cashed in several different locations when they were in fact all cashed in a single location that was owned and operated by defendant's alleged coconspirators.

Defendant argues that because the underlying indictment does not allege, and the People cannot prove, that he acted with intent to defraud a particular person or business entity—as opposed to the government or the public at large—out of money, property, or something of pecuniary value, plaintiff fails to demonstrate the requisite substantial likelihood of securing a conviction for falsifying business records in the first degree (*see Morgenthau v Citisource, Inc.*, 68 NY2d 211, 222 [1986]). We do not view the meaning of "intent to defraud" in Penal Law § 175.10 to be so limited (*see People v Ramirez*, 168 AD2d 908, 909 [1990], *lv denied* 77 NY2d 965 [1991]; *People v Elliassen*, 20 Misc 3d 1143[A], 2008 NY Slip Op 51841[U], *2-3 [2008]). We also reject defendant's argument that because Banking Law § 372 (7) and § 373 (4)—the alleged violations of which form the predicate "[ ]other crime" (Penal Law § 175.10) supporting the charge of first-degree falsifying of business records—create strict liability for the failure to file currency transaction reports without a showing of any intent or awareness of wrongdoing, they violate due process on their face. A strict liability criminal statute is not per se unconstitutional (*see People v Persce*, 204 NY 397, 401-402 [1912]), and, should mental culpability be required in order to conform Banking Law § 372 (7) and § 373 (4) to the requirements of due process, an appropriate scienter requirement can be read into them (*see* Penal Law § 15.15 [2]; *see e.g. People v Wood*, 58 AD3d 242, 252-253 [2008], *lv denied* 12 NY3d 823 [2009], citing, inter alia, *People v Finkelstein*, 9 NY3d 342, 344-345 [1961]).

Defendant also argues that plaintiff has failed to demonstrate that the proceeds sought to be forfeited—i.e., the total face value of the checks he is alleged to have illegally structured and caused to have falsely reported—are the proceeds of a felony subject to forfeiture. According to defendant, because the money from the checks was obtained before the alleged falsification of the business records, they were not obtained through the commission of the charged felony. CPLR 1311 (1) (a), however, specifically permits forfeiture actions for criminal activity arising from a common scheme or plan of which a felony conviction is a part. As defendant is charged with engaging in an unlawful check cashing scheme that included the commission of the uncharged crimes of unlicensed cashing of checks on behalf of customers and the charged misdemeanor crimes of failing to file currency transaction reports for those checks, in addition to the commission of 121 felony crimes of falsifying business records with respect to those checks, the total face value of the checks involved in that scheme is arguably the fruit of the broader criminal scheme, and therefore may constitute forfeitable proceeds (*see Dillon v Farrell*, 230 AD2d 818, 819 [1996]).

We have considered and rejected defendant's other arguments, including that the $1.35 million sought will, if plaintiff succeeds, at least in part amount to an unconstitutional "excessive fine" in violation of the Eighth Amendment and a double recovery prohibited by CPLR 1311 (8). The motion court correctly held that these challenges, which are based on the fact that defendant's coconspirators have already forfeited $250,000 in proceeds in connection with their guilty pleas, are premature and cannot be resolved on this record (*cf. United States v Talebnejad*, 460 F3d 563, 573 [4th Cir 2006], *cert denied* 549 US 1234 [2007], citing *United States v Covey*, 232 F3d 641, 646 [8th Cir 2000], *cert denied* 534 US 814 [2001]). Concur—Tom, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.