Appeal by the defendant from a judgment of the Supreme Court, Kings County (Mullen, J.), rendered June 26, 2007, convicting him of rape in the second degree (two counts), sexual abuse in the third degree (two counts), and endangering the welfare of a child, upon a jury, verdict, and imposing sentence.
Ordered that the judgment is affirmed.
*533 Contrary to the defendant’s contention, the trial court did not improvidently exercise its discretion in denying his motion for a mistrial. The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant’s right to a fair trial (see Matter of Plummer v Rothwax, 63 NY2d 243, 250 [1984]; People v Way, 69 AD3d 964, 965 [2010]; People v Hernandez, 11 AD3d 479 [2004]; People v Knorr, 284 AD2d 411, 412 [2001]). Here, while the challenged testimony was improper (see generally People v Arafet, 13 NY3d 460, 464-465 [2009]; People v Vargas, 88 NY2d 856, 858 [1996]; People v Molineux, 168 NY 264 [1901]), any prejudice resulting therefrom was alleviated by the trial court’s actions in immediately striking the testimony from the record and providing a curative instruction to the jury (see People v Way, 69 AD3d at 965; People v Benloss, 60 AD3d 686, 687 [2009]; People v Lockhart, 220 AD2d 690, 691 [1995]). Prudenti, PJ., Rivera, Santucci and Miller, JJ., concur.