■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAREF REDMON, Appellant. [917 NYS2d 229]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered March 28, 2008, convicting him of murder in the second degree and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the Supreme Court providently exercised its discretion in admitting into evidence photographs depicting the victim and the crime scene. The two contested photographs were neither excessively gruesome nor introduced for the sole purpose of arousing the jurors' passions and prejudicing the defendant (*see People v Wood*, 79 NY2d 958 [1992]; *People v Pobliner*, 32 NY2d 356 [1973], *cert denied* 416 US 905 [1974]). Rather, the photographs illustrated and elucidated the testimony of the medical examiner who performed the autopsy, corroborated the testimony of the People's eyewitness, and were relevant to prove intent (*see People v Prowse*, 60 AD3d 703, 704 [2009]; *People v Rhodes*, 49 AD3d 668, 669-670 [2008]; *People v Allan*, 41 AD3d 727, 727-728 [2007]; *People v Daniels*, 35 AD3d 495, 497 [2006]; *People v Durkin*, 303 AD2d 596, 597 [2003]).

Moreover, contrary to the contention raised in the defendant's pro se supplemental brief, the Supreme Court did not improvidently exercise its discretion in denying the defendant's motion for a mistrial, which was based upon a detective's testimony referring to the defendant's parole status. "The decision to declare a mistrial rests within the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial" (*People v Brown*, 76 AD3d 532, 533 [2010]; *see People v Way*, 69 AD3d 964, 965 [2010]). Here, while the challenged testimony was improper (*see generally People v Arafet*, 13 NY3d 460, 464 [2009]; *People v Vails*, 43 NY2d 364 [1977]; *People v Molineux*, 168 NY 264 [1901]), the Supreme Court's decision to strike the challenged testimony was sufficient to dispel whatever prejudicial effect the testimony may have had (*see People v*

*Brown,* 76 AD3d at 533; *People v Way,* 69 AD3d at 965; *People v Smith,* 23 AD3d 415, 415 [2005]; *People v Walker,* 225 AD2d 507 [1996]; *People v Lockhart,* 220 AD2d 690, 691 [1995]).

The defendant, in his pro se supplemental brief, contends that the Supreme Court should have conducted a hearing to determine whether the prosecutor violated the disclosure requirements of *People v Rosario* (9 NY2d 286 [1961], *cert denied* 368 US 866 [1961]) by failing to produce certain DD-5 reports. The defendant, however, failed to preserve this issue for appellate review based upon his general request for material, without requesting a hearing at a time when the trial court could have redressed the alleged *Rosario* violation (*see* CPL 470.05 [2]; *People v Villacreses,* 12 AD3d 624, 625 [2004]; *People v Brown,* 286 AD2d 340, 341 [2001]; *People v Tabora,* 139 AD2d 540, 542 [1988]). In any event, the defendant failed to establish any factual basis to support his claim and, in general, is not to be afforded free access to the prosecutor's entire file (*see People v Poole,* 48 NY2d 144, 149 [1979]; *People v Perez,* 209 AD2d 643, 644 [1994]).

To the extent that the defendant's claims of ineffective assistance of counsel raised in his supplemental pro se brief are based upon matter dehors the record, they may not be reviewed on direct appeal (*see People v Surin,* 70 AD3d 731, 732 [2010]; *People v Ballinger,* 62 AD3d 895, 896 [2009]; *People v Shakespeare,* 63 AD3d 861 [2009]; *People v Zimmerman,* 309 AD2d 824, 824 [2003]). Insofar as we are able to review those claims, defense counsel provided the defendant with meaningful representation (*see People v Caban,* 5 NY3d 143, 152 [2005]; *People v Rivera,* 71 NY2d 705, 709 [1988]).

The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review and, in any event, are without merit. Angiolillo, J.P., Belen, Chambers and Roman, JJ., concur.