THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLAUDIO MARINO-AFFAITATI, Appellant. [930 NYS2d 485]—

The record reflects that the defendant's plea was knowing, voluntary, and intelligent (*see People v Seeber*, 4 NY3d 780 [2005]; *People v Fiumefreddo*, 82 NY2d 536 [1993]; *People v Lopez*, 71 NY2d 662 [1988]). His contention that the allocution was insufficient because the County Court failed to ascertain his intent to cause serious physical injury is without merit (*see People v Fiumefreddo*, 82 NY2d 536 [1993]).

To the extent the defendant contends that his counsel provided ineffective assistance for failing to inform him of a potential entrapment defense, this contention involves matter dehors the record and is not reviewable on direct appeal (*see People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Redmon*, 81 AD3d 752 [2011]; *People v Johnson*, 59 AD3d 738 [2009]). To the extent this contention is reviewable on the record before us, the defendant's plea allocution, in which he admitted that he had "made arrangements" with an individual to injure the defendant's wife, demonstrates the absence of inducement or encouragement to commit the crime, a necessary element of an entrapment defense (*see* Penal Law §§ 25.00, 40.05; *People v Brown*, 82 NY2d 869, 871 [1993]). Dillon, J.P., Eng, Sgroi and Miller, JJ., concur.