People v McCallum (2018 NY Slip Op 02182)





People v McCallum


2018 NY Slip Op 02182


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2015-03093
 (Ind. No. 13-01237)

[*1]The People of the State of New York, respondent,
v
Tyron McCallum, also known as Yayo, appellant.


Gerald Zuckerman, Corton-on-Hudson, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (Jennifer Spencer and Laurie Sapakoff of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Barbara Gunther Zambelli, J.), rendered March 3, 2015, convicting him of manslaughter in the first degree and criminal possession of a weapon in the second degree, upon his plea of guilty, and imposing sentence.
ORDERED that the judgment is affirmed.
On March 11, 2012, the defendant, together with his codefendants Mark Ogilvie, Travis Clarke, and Jason White, participated in a crime spree that resulted in the fatal shootings of Stephon Ramsey and Cleveland Baxter. The People alleged that these crimes were committed in retaliation for the fatal shooting, earlier the same night, of Rahsul Watkins, a member of the gang to which the defendant and his codefendants belonged. The defendant was charged with, among other things, murder in the second degree for the shooting of Baxter, and criminal possession of a weapon in the second degree for the shooting of a loaded pistol at a vehicle. The defendant was permitted to plead guilty to a reduced charge of manslaughter in the first degree, and to criminal possession of a weapon in the second degree, in full satisfaction of the indictment. The defendant was promised a sentence of a term of imprisonment of 24½ years on the manslaughter conviction and a term of imprisonment of 3½ years on the criminal possession of a weapon conviction, both followed by five years of postrelease supervision. These sentences were to run consecutively with each other but concurrently with a sentence the defendant was already serving for an attempted murder conviction in an unrelated case.
The defendant failed to preserve for appellate review his contention that the County Court erred in issuing a protective order pursuant to Criminal Procedure Law § 240.50 (see CPL 470.05[2]; People v Redmon, 81 AD3d 752, 753), which prohibited his attorney from providing him with copies of Rosario material (see People v Rosario, 9 NY2d 286). In any event, contrary to the defendant's contention, the record demonstrates that while further access was limited by the order, the defendant, with court oversight, was permitted to review the subject Rosario material with his attorney over a two-day period.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
DILLON, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court