People v Sosa-Campana (2018 NY Slip Op 08440)





People v Sosa-Campana


2018 NY Slip Op 08440


Decided on December 11, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2018

Sweeny, J.P., Renwick, Mazzarelli, Oing, Moulton, JJ.


7846 4375/15

[*1]The People of the State of New York, Respondent,
v
Wilfredo Sosa-Campana, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Robin Nichinsky of counsel), and White & Cox LLP, New York (Andrea Amulic of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Abraham Clott, J.), rendered January 25, 2017, convicting defendant, after a jury trial, of identity theft in the second degree, falsifying business records in the first and second degrees and aggravated unlicensed operation of a motor vehicle in the third degree, and sentencing him to an aggregate term of seven days, unanimously affirmed.
The evidence was legally sufficient to establish the element of intent to defraud, as required for the convictions of identity theft and falsifying business records. When defendant was stopped for a traffic violation and presented a fraudulent driver's license in the name of another actual person, defendant acted with at least two forms of fraudulent intent, each falling within the plain meaning of "defraud." Defendant intended to escape responsibility for the violation by causing the officer to issue a summons to the wrong person, and also intended to conceal his additional offense of unlicensed driving. In order to prove intent to defraud, the People did not need to make a showing of an intent to cause financial harm (see People v Kase, 76 AD2d 532, 537-38 [1st Dept 1980][construing intent-to-defraud element of analogous statute], affd 53 NY2d 989, 991 [1981]; see also Morgenthau v Khalil, 73 AD3d 509, 510 [1st Dept 2010]). Defendant did not preserve his sufficiency claim regarding the aggravated unlicensed operation conviction, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits.
Defendant's challenge to the court's charge is also unpreserved, and we likewise decline to review it in the interest of justice. With rare exceptions not applicable here, charging errors require preservation, and we do not find any mode of proceedings error exempt from preservation requirements (see People v Thomas, 50 NY2d 467, 472 [1980]). As an alternative
holding, we find that the court's slight misstatement in defining the charges was harmless and could not have affected the verdict.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 11, 2018
CLERK