The People of the State of New York, Respondent,
against
Carlos Torres, Defendant-Appellant.




Defendant appeals from a judgment of the Criminal Court of the City of New York, New York County (Steven M. Statsinger, J., at motion to dismiss; Joanne B. Watters, J., at plea and sentencing), rendered September 13, 2017, convicting him, upon his plea of guilty, of failure to exercise due care to avoid collision with a pedestrian and failure to yield to a pedestrian, and sentencing him to a conditional discharge, a fine of $750, completion of an attitudinal driving program and a six month license revocation.




Per Curiam.
Judgment of conviction (Steven M. Statsinger, J., at motion to dismiss; Joanne B. Watters, J., at plea and sentencing), rendered September 13, 2017, affirmed.
On February 12, 2016 at 10:02 a.m., defendant, who was driving a loaded truck at West 37th Street and 11th Avenue in Manhattan, struck and killed a woman who was crossing the street within the crosswalk, with a pedestrian "WALK" sign in her favor. Defendant was charged with violating Administrative Code of City of New York section 19-190(b), a misdemeanor, and Vehicle and Traffic Law [VTL] § 1146(c)(1), a traffic infraction. Administrative Code § 19-190, a component of the Vision Zero initiative to reduce pedestrian injuries and fatalities, imposes misdemeanor criminal penalties upon a driver who "fails to yield to a pedestrian or person riding a bicycle," and causes "physical injury," where the failure to yield and/or physical injury was "caused by the driver's failure to exercise due care" (Administrative Code § 19-190[c]).
Defendant pleaded guilty to the charged offenses in exchange for a conditional discharge, a fine of $750, a six month revocation of his driver's license, and a requirement to complete an attitudinal driving program. On appeal, defendant challenges the validity of Administrative Code § 19-190(b) on constitutional and preemption grounds. Defendant also challenges the validity of his plea, and claims the sentence was excessive. We find the challenges unavailing and, therefore, affirm, albeit on variant grounds than those relied upon by Criminal Court.
This is the first appellate court addressing, on the merits, a constitutional challenge to section 19-190(b). Defendant claims that section 19-190(b) is unconstitutional because it [*2]criminalizes an act committed without "due care," a civil negligence standard distinct from the traditional categories of criminal mens rea. For the reasons set forth below, we reject this argument.
Legislatures "have always been allowed wide freedom to determine the extent to which moral culpability should be a prerequisite to conviction of a crime" (Powell v Texas, 392 US 514, 545 [1968] [Black, J. concurring]; see United States v International Minerals & Chem. Corp., 402 US 558, 564 [1971]; see also Staples v United States, 511 US 600, 604-605 [1994]). The minimum requirement for criminal liability in New York "is the performance by a person of conduct which includes a voluntary act or the omission to perform an act which he is physically capable of performing" (Penal Law § 15.10). Even strict liability crimes are legal and constitutional (see Penal Law § 15.10; Morgenthau v Khalil, 73 AD3d 509, 510 [2010]). Particularly with regard to public welfare offenses, criminal penalties may be imposed without regard to mental culpability (see People v Wood, 58 AD3d 242, 250-251 [2008], lv denied 12 NY3d 823 [2009] ["It is now beyond question that the Legislature may dispense with a mental culpability requirement with respect to certain public welfare offenses"]; see also Morissette v United States, 342 US 246 [1952]).
Manifestly, if there is no constitutional infirmity in a crime that requires no mental state at all, then, a fortiori, there is no constitutional infirmity in an offense that requires proof of defendant's failure to exercise due care, a more culpable mental state. The Court of Appeals has, in fact, noted that "[c]riminal liability for death caused by ordinary negligence is sometimes imposed by statute ... most of these statutes are confined to deaths arising out of automobile accidents" (People v Haney, 30 NY2d 328, 334 n 7 [1972]; see also United States v Hanousek, 176 F3d 1116, 1121 [9th Cir 1999], cert den 528 US 1102 [2000] ["It is well established that a public welfare statute may subject a person to criminal liability for his or her ordinary negligence without violating due process"]). Indeed, the failure to exercise due care standard contained in Administrative Code § 19-190 is identical to the mens rea set forth in VTL § 1146 which, inter alia, punishes as a class B misdemeanor a driver who injures a pedestrian or bicyclist while failing to exercise due care, if the driver has a prior conviction for such offense within the last five years (see VTL § 1146[d]). We therefore hold that with respect to Administrative Code § 19-190, civil negligence is a constitutional mens rea for criminal liability.
Similarly unavailing is defendant's argument that Administrative Code § 19-190 is preempted by State Law, specifically VTL § 1146 and article 15 of the Penal Law.
VTL § 1146, a traffic infraction, which punishes a driver who causes physical injury to a pedestrian or bicyclist while failing to exercise due care, does not preempt Administrative Code § 19-190. Local laws which do not prohibit what the State law permits nor allow what the State law forbids are not inconsistent (see People v Lewis, 295 NY 42 [1945]). Here, instead of criminalizing an act that the state law allows, section 19-190 essentially strengthens the criminal penalty for injuring pedestrians and cyclists already authorized by VTL § 1146. A local law which merely provides a greater penalty than state law does not run afoul of the conflict preemption doctrine (see Zakrzewska v New School, 14 NY3d 469, 480 [2010]).
Nor does the Penal Law prevent a local government from utilizing a standard of culpability independent of those set forth in article 15 of the Penal Law, such as failure to exercise due care. Contrary to defendant's contention, Penal Law § 15.05, which provides [*3]definitions of certain culpable mental states used in the Penal Law - i.e., intentionally, knowingly, recklessly and criminal negligence - does not limit the use of other standards of culpability. In any event, Penal Law § 15.05 is inapplicable to crimes, such as violations of Administrative Code § 19-190, that are defined outside the Penal Law (see People v M & H Used Auto Parts & Cars, Inc., 22 AD3d 135, 143 [2005], lv denied 6 NY3d 755 [2005]).
Defendant's guilty plea was knowing, voluntary and intelligent. In any event, the only relief defendant requests is dismissal of the accusatory instrument, rather than vacatur of the plea, and he expressly requests that this court affirm his conviction if it does not grant dismissal. Since we do not find that dismissal would be in any way appropriate, we affirm on this basis as well (see People v Conceicao, 26 NY3d 375, 385 n 1[2015]).
We perceive no basis for reducing the negotiated sentence imposed.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concurI concurI concur
Decision Date: September 23, 2019