People v Rodriguez (2022 NY Slip Op 01047)





People v Rodriguez


2022 NY Slip Op 01047


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
WILLIAM G. FORD, JJ.


2018-07122
 (Ind. No. 839/17)

[*1]The People of the State of New York, respondent,
v
Jose Rodriguez, appellant.


Thomas J. Butler, Melville, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Libbi L. Vilher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Felice J. Muraca, J.), rendered May 9, 2018, convicting him of disruption or disturbance of a religious service, funeral, burial, or memorial service and menacing in the third degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial on the ground that certain comments made by the prosecutor during summation were improper. "The decision to declare a mistrial rests with the sound discretion of the trial court, which is in the best position to determine if this drastic remedy is necessary to protect the defendant's right to a fair trial" (People v Redmon, 81 AD3d 752, 752 [internal quotation marks omitted]; see People v Ellis, 166 AD3d 993, 996-997, affd 34 NY3d 1092). Here, the challenged summation comments were responsive to defense counsel's summation (see People v Jackson, 41 AD3d 498, 500). To the extent that any comment was improper, the error was not so egregious as to deprive the defendant of a fair trial (see People v Johnson, 175 AD3d 1130, 1131; People v Giddens, 161 AD3d 1191, 1194). Moreover, the court instructed the jurors that they were the finders of fact, that the arguments of counsel were not evidence, and that they were to assess the witnesses's credibility (see People v Brooks, 89 AD3d 746).
IANNACCI, J.P., RIVERA, MALTESE and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court