■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER ANEKWE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Owens, J.), rendered May 2, 1984, convicting him of burglary in the first degree and robbery in the first degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress certain identification testimony and statements made by him to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant and an accomplice broke into a Brooklyn apartment at gunpoint. They robbed three women and a man of gold jewelry. Immediately after the robbery, the defendant was identified by three of the victims.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]).

As to the suppression of certain identification testimony, the hearing testimony indicated that after the robbers left the apartment, the male victim ran after them into the street. He chased after the defendant until he saw a police car. He told the police, "That's him," and the police chased the defendant

and caught him. The police returned to the male victim with the handcuffed defendant in the back seat of the patrol car. Unprompted, the male victim looked into the car and identified the defendant, whom he knew from the neighborhood, as one of the robbers. The police then escorted the defendant into the apartment building where two of the female victims had remained. Immediately upon seeing the defendant, the women shouted, "That's him".

Contrary to the defendant's claim, the first identification by the male victim was a confirmatory viewing and not a formal showup. The male victim, as he chased the defendant, told the police that the defendant robbed him. Thus, when the male victim identified the defendant in the car, his identification was spontaneous and was not the product of an identification procedure arranged by the police (see, People v Morales, 113 AD2d 956). Even if the identification had been police initiated, it would have been proper (see, People v Brnja, 50 NY2d 366, 372). Further, even if the second showup by the two women was improper, under the circumstances, any error which occurred as a result thereof was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt.

The defendant's other contentions, including those raised in his *pro se* supplemental brief, are either unpreserved for appellate review or without merit. Mangano, J. P., Lawrence, Kooper and Sullivan, JJ., concur.