■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

SAMUEL WHITE, Also Known as MONEY WHITE, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of second degree murder, first degree assault, second degree criminal use of a firearm, and second degree criminal possession of a weapon, defendant contends that his convictions for murder and assault are not supported by legally sufficient evidence and are against the weight of the evidence; that the Trial Judge erred in failing to recuse herself; that the court erred in admitting testimony concerning prior shootings in the neighborhood; that defendant was deprived of a fair trial by prosecutorial misconduct; and that the court erred in failing to charge justification as a defense to criminal use of a firearm.

The evidence was legally sufficient to disprove the defense of justification and the convictions were not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). The jury rationally could have found that defendant was not actually or reasonably in fear that Patterson might be killed at the time defendant shot Palmer. Similarly, the jury rationally could have found that defendant was not actually or reasonably in fear of his own life at the time he killed Robinson and that defendant could have safely retreated without killing Robinson (see, Penal Law § 35.15 [1], [2] [a]).

The Trial Judge was not "interested" in the case within the meaning of Judiciary Law § 14, and therefore was not bound to recuse herself. There was no showing that the Trial Judge knew a prospective prosecution witness or had contact with a member of the victim's family.

Reversal is not required as a result of references to prior neighborhood shootings. The direct testimony of the People's witness did not violate the rule of People v Molineux (168 NY 264), since it merely explained the background of the dispute without connecting the prior shootings to defendant. If defendant was prejudiced, it was as a result of defense counsel's cross-examination of the witness, which established defendant's role in the prior shootings.

Defendant's claims of prosecutorial misconduct have no basis in the record.

Finally, with respect to defendant's challenge to the court's charge, we note that justification is not a defense to criminal use of a firearm in the second degree. Criminal use is a possessory offense of which the actual discharge of a firearm (i.e., the use of force) is not an essential element (see, Penal Law § 265.08). It is well settled that justification is not a

defense to a weapon possession count *(People v Pons,* 68 NY2d 264, 265; *People v Almodovar,* 62 NY2d 126, 130). The case relied upon by defendant *(People v Morris,* 109 AD2d 413) was expressly disapproved by the Court of Appeals in *Pons.* (Appeal from judgment of Supreme Court, Erie County, Wolfgang, J.—murder, second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.