■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES VICTOR, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered December 1, 1988, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On July 22, 1986, at about 8:45 P.M., on York Street in Brooklyn, the defendant struck Franklin Charon in the face with the metal handle of a large broom, fracturing his cheek bone. According to the defendant's trial testimony, Charon had been menacingly chasing the defendant's nephew although by the time the two men actually came to blows, the nephew had disappeared into his grandmother's building some 100 feet away.

A defendant is entitled to a justification charge only when there is evidence presented at trial which, when viewed in the light most favorable to him, establishes that he "reasonably believe[d]" that the use of physical force upon another person was "necessary to defend himself or a third person from what he reasonably believe[d] to be the use or imminent use of unlawful physical force by such other person" (Penal Law § 35.15 [1]; *People v Watts,* 57 NY2d 299, 301-302; *People v Shipman,* 156 AD2d 494, 495; *People v Odinga,* 143 AD2d 202, 203-204). The threatened harm must be *imminent.* Where the defendant or the person that he claims he was protecting was not in imminent danger, the defense is not made out. In the case at bar, when the evidence is viewed in the light most favorable to the defendant, there is no reasonable view of it that would permit a finding that the defendant acted in defense of his nephew when he assaulted Franklin Charon, and thus the court properly refused to give the requested charge. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.