■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JACK WILLIAMS, Also Known as RAMBO, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (West, J.), rendered March 2, 1989, convicting him of criminal sale of a controlled substance in the third degree (four counts) and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's conviction stems from four separate sales of crack cocaine to an undercover officer in Greenburgh, New York. On appeal the defendant argues that his conviction is unsupported by legally sufficient evidence because the undercover officer's testimony, in which he identified the defendant as the seller, was uncorroborated. We note that this contention is unpreserved for appellate review because it was not advanced with specificity before the trial court in support of the defendant's motion to dismiss made at the close of the People's case (see, People v Bynum, 70 NY2d 858; People v Gomez, 67 NY2d 843; People v Ross, 180 AD2d 698). In any event, viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's identity as

the seller beyond a reasonable doubt. The testimony of a single eyewitness is legally sufficient to support a conviction (see, People v Arroyo, 54 NY2d 567, 578, cert denied 456 US 979). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Also without merit is the defendant's contention that the sentencing court improperly imposed consecutive sentences. Under the circumstances, the offenses charged constituted separate and distinct acts, and, therefore, the imposition of consecutive sentences was permissible (see, Penal Law § 70.25; People v Brathwaite, 63 NY2d 839; People v Simon, 180 AD2d 866; People v Littlejohn, 172 AD2d 776).

The contentions raised in the defendant's supplemental pro se brief are either unpreserved for appellate review or without merit (see, People v Logan, 25 NY2d 184, 195-196). Mangano, P. J., Sullivan, Balletta and Miller, JJ., concur.