■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MATTHEW LEUTHNER, Appellant. [627 NYS2d 776] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Harbater, J.), rendered February 26, 1993, convicting him of attempted robbery in the second degree, attempted burglary in the second degree, assault in the second degree, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the hearing court erred by failing to suppress evidence of an impermissibly suggestive identification of him by the complainant. This contention is without merit. The complainant spontaneously identified the defendant to approaching police officers as the defendant fled from the scene of the crime, and the defendant was apprehended less than a minute later *(see, People v Duuvon,* 77 NY2d 541, 546 [identification spontaneously made by the pursuing complainant was not a police-arranged showup]; *see also, People v Anekwe,* 151 AD2d 585).

We conclude, however, that the judgment of conviction must be reversed due to several instances of prosecutorial misconduct. Over defense counsel's objections, the prosecutor, *inter alia,* asked the defendant if the complainant was lying *(see, e.g., People v Davis,* 112 AD2d 722; *People v Santiago,* 78 AD2d 666),* cross-examined the defendant's character witness about her personal knowledge of the facts underlying the defendant's previous conviction *(see, People v Kennedy,* 47 NY2d 196, 206), and failed to establish a good-faith basis for his questions concerning an alleged threat made by the defendant's father. In addition, the prosecutor, in his summation, failed to stay within " 'the four corners of the evidence' " *(People v Ashwal,* 39 NY2d 105, 109). Since the cumulative effect of these errors deprived the defendant of a fair trial, he is entitled to a new trial *(see, e.g., People v Parker,* 178 AD2d 665; *see also, People v Crimmins,* 36 NY2d 230, 237-238). In view of the foregoing, we need not address the defendant's remaining contentions. Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.