■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY NEVAREZ, Appellant. [665 NYS2d 890] —Judgment, Supreme Court, Bronx County (John Moore, J.), rendered September 13, 1995, convicting defendant, after a jury trial, of murder in the second degree, manslaughter in the first degree and attempted assault in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 25 years to life and 12½ to 25 years and a concurrent term of 2 to 4 years, respectively, unanimously affirmed.

The court properly exercised its discretion in granting the prosecutor's challenge for cause to a prospective juror based upon the court's conclusion that the juror behaved in a manner inconsistent with that of an individual who was capable of rendering an impartial verdict on the evidence adduced (*see, People v Williams*, 63 NY2d 882). The court made as complete a record as possible concerning the nature of the juror's bizarre demeanor, and the court's assessment of such demeanor is entitled to considerable deference.

Defendant's contention that the trial court deprived him of his right to a public trial when it excluded his sister from the courtroom is without merit. She was properly excluded since the prosecutor, whose good faith was unchallenged by defendant at trial, identified her as a potential witness, and the court's discretionary determination "did not implicate defendant's right to a public trial" (*People v Roundtree*, 234 AD2d 58, *lv denied* 89 NY2d 988). Concur—Milonas, J. P., Rosenberger, Nardelli, Rubin and Tom, JJ.