■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMAL MARSALIS, Appellant. [770 NYS2d 439]—

Appeal by the defendant from a judgment of the Supreme

Court, Kings County (Barbaro, J.), rendered May 15, 2002, convicting him of attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the exclusion of his fiancée from the courtroom during the suppression hearing infringed his right to a public trial is unpreserved for appellate review (*see People v Jackson,* 226 AD2d 476, 477 [1996]), and in any event, is without merit. The hearing court's decision to exclude the defendant's fiancée was reached after a bench conference to ascertain the parties' positions, and was based on the prosecutor's representation that the People were likely to call the defendant's fiancée as a witness at the trial. The defendant neither challenged the prosecutor's good faith nor otherwise objected to the People's request, and the closure was strictly limited to the defendant's fiancée. Under the circumstances, we find no infringement of the defendant's right to a public trial (*see People v Jones,* 96 NY2d 213, 217 [2001]; *People v Nevarez,* 245 AD2d 173 [1997]; *People v Roundtree,* 234 AD2d 58 [1996]).

The defendant's argument that the evidence was legally insufficient is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari,* 176 NY 84, 94 [1903]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo,* 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]). Altman, J.P., Krausman, Goldstein and Mastro, JJ., concur.