THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VICTOR ORTIZ, Appellant. [775 NYS2d 550]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Eng, J.), rendered January 15, 2002, convicting him of robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and the facts, and a new trial is ordered.

The People requested that the trial court exclude the defendant's brother from the courtroom on the ground that he might be a potential witness at trial. However, the defense counsel advised the trial court that he also represented the defendant's brother on a pending weapons misdemeanor case, and that the defendant's brother would invoke the Fifth Amend-

ment if called to testify in this case. Further, the defense counsel objected to the exclusion and maintained that the People failed to establish any nexus between the defendant's case and his brother's pending matter. The trial court found that the defendant's brother was a potential witness and excluded him from the courtroom. The defendant maintains that the trial court deprived him of the right to a public trial by excluding his brother from the courtroom. We agree.

The trial court improvidently exercised its discretion in excluding the defendant's brother from the courtroom since the defense counsel demonstrated that the defendant's brother was unavailable as a witness through his assertion of the Fifth Amendment (*see People v Savinon*, 100 NY2d 192, 198 [2003]; *People v Macana*, 84 NY2d 173, 177-178 [1994]) and, thus, successfully challenged the People's good faith basis for the exclusion (*cf. People v Marsalis*, 3 AD3d 509 [2004]; *People v Nevarez*, 245 AD2d 173 [1997]). Further, the trial court failed to make any adequate findings that the defendant's brother would provide any relevant testimony in the instant matter which supported exclusion (*cf. People v Jones*, 96 NY2d 213, 217 [2001]; *People v Marsalis, supra*).

The defendant's remaining contentions raised in his supplemental pro se brief either are unpreserved for appellate review or without merit. Ritter, J.P., Krausman, Luciano and Cozier, JJ., concur.