◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEE ROBINSON, Appellant. [811 NYS2d 83]—

Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered April 23, 2002, convicting him of assault in the second degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement authorities.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The Supreme Court correctly denied the defendant's motion to suppress his statements as the statements were not the product of police conduct "reasonably . . . anticipated to evoke a statement from the defendant" (*People v Rivers*, 56 NY2d 476, 480 [1982]; *see People v Troisi*, 224 AD2d 559 [1996]; *People v Pryor*, 194 AD2d 749, 749-750 [1993]).

However, the judgment must nevertheless be reversed, and a new trial ordered. After a witness testified that the defendant had spent time in jail, the Supreme Court did not give a sufficient curative instruction, as it was required to do in order to avoid prejudice to the defendant (*see People v Cruz*, 72 AD2d 748, 748-749 [1979]). The Supreme Court also refused the

defendant's request to charge assault in the third degree, despite the fact that there was a reasonable view of the evidence to support a conclusion that the defendant recklessly threw the rock that struck the victim through a glass door at her home, rather than intentionally in order to strike her, which would constitute the lesser offense (*see Matter of Shaniqua W.*, 262 AD2d 496 [1999]; *Matter of John C.*, 186 AD2d 493 [1992]). Contrary to the People's contentions, these arguments were preserved by the defendant for appellate review and the evidence of the defendant's guilt was not so overwhelming that these errors can be said to be harmless.

The defendant's remaining contentions are without merit. Goldstein, J.P., Mastro, Spolzino and Lunn, JJ., concur.