THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BLAIR GARNER, Appellant. [815 NYS2d 614]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Kerins, J.), rendered November 21, 2002, convicting him of attempted murder in the first degree, assault in the first degree, robbery in the first degree, criminal use of a firearm in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see People v Gray,* 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict- of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The record of the *Rodriguez* hearing (*see People v Rodriguez,* 79 NY2d 445 [1992]), supports the hearing court's determination that the victim, who was friendly with the defendant for almost two years, was sufficiently familiar with the defendant that his photographic identification was merely confirmatory (*see People v Rodriguez, supra; People v Gissendanner,* 48 NY2d 543 [1979]; *People v Simmons,* 247 AD2d 494 [1998]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Dien,* 77 NY2d 885 [1991]; *People v Nuccie,* 57 NY2d 818 [1982]). In any event, the challenged remarks either were fair comment on the evidence, permissive rhetorical comment, or responsive to the defense counsel's summation (*see People v Smith,* 21 AD3d 386 [2005]; *People v Filipe,* 7 AD3d 539 [2004]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. Adams, J.P., Ritter, Mastro and Skelos, JJ., concur.