Appeal by the defendant from a judgment of the County Court, Westchester County (Zambelli J.), rendered July 12, 2011, convicting him of attempted murder in the second degree, assault in the first degree, and criminal use of a firearm in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant’s omnibus motion which was to suppress identification testimony.
Ordered that the judgment is affirmed.
The complainant’s initial identification of the defendant at the scene of the incident was spontaneous, and not the result of a police-arranged confrontation (see People v Duuvon, 77 NY2d 541, 546 [1991]; People v Leuthner, 216 AD2d 327 [1995]). The subsequent showup identification made by the complainant was not impermissibly suggestive, as it was conducted in close spatial and temporal proximity to the crime (see People v Duuvon, 77 NY2d at 544-545; see also People v Blanche, 90 NY2d 821, 822 [1997]). Moreover, the complainant’s subsequent viewing of a photograph of the defendant was not impermissibly suggestive (see People v Carlton, 85 AD3d 1196 [2011]). Thus, the County Court properly denied that branch of the defendant’s omnibus motion which was to suppress identification testimony.
The defendant’s challenge to the legal sufficiency of the evidence is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Defense counsel provided meaningful representation (see People v Baldi, 54 NY2d 137, 146-147 [1981]). The actions, or inaction, of counsel challenged by the defendant did not consti *1023 tute ineffective assistance of counsel (see People v Orengo, 286 AD2d 344, 345 [2001]), and she could not have been ineffective for failing to advance motions or arguments that had no chance of success (see People v Caban, 5 NY3d 143, 152 [2005]).
The defendant’s remaining contention is without merit. Dillon, J.P., Angiolillo, Dickerson and Cohen, JJ., concur.