This opinion is uncorrected and subject to revision before publication in the New York Reports.
--------------------------------------------------------------
No. 43
The People &c.,
              Respondent,
          v.
Boris Shaulov,
              Appellant.

Stuart D. Rubin, for appellant.
Amy Appelbaum, for respondent.

STEIN, J.:

On this appeal, defendant Boris Shaulov argues that he was deprived of the effective assistance of counsel at trial and that the trial court abused its discretion by refusing to declare

- 1 -

a mistrial or to strike the surprise prompt outcry testimony elicited by the People in disregard of the prosecutor's pre-trial representation that no such testimony would be offered.  We agree with defendant's latter contention, and hold that Supreme Court erred by failing to order a mistrial or to strike the testimony. Accordingly, we reverse the Appellate Division order.

Defendant was charged with multiple counts of statutory and non-consensual rape and other sex crimes, for allegedly engaging in sexual activity with the 16-year-old complainant when he was 23 years old.  Complainant testified that, on the day of the alleged sexual assault, she and defendant -- who she knew through her ex-boyfriend -- went to an apartment in Brooklyn sometime between 8:00 p.m. and 9:00 p.m.  While they were watching a movie, defendant began to kiss and grope her and, despite her protests and attempts to resist, allegedly raped her twice.  Based on complainant's testimony and cell phone records, the People claimed the alleged rapes occurred between 9:21 p.m. and 10:57 p.m.

At a pre-trial hearing, the People explicitly represented to the court and defense counsel that there would be no prompt outcry testimony, as complainant had not disclosed the sexual assault to anyone until at least six months after it allegedly happened.  In response to the court's inquiry, defense counsel stated that "the People have said that there's no prompt outcry, so I think that takes care of that issue."  The court

ruled that the People could present expert testimony about rape trauma syndrome if defendant attempted to impeach complainant based on her delayed disclosure.

In his opening statement to the jury, defense counsel -- relying on the People's earlier representation -- stated that

> "[t]he complaining witness is going to tell you that she was on the phone that night more than once -- her mother, her friends, different people. She was on the phone, had access to her phone, but she didn't call 911, she didn't tell any of the people she was on the phone with . . . You're going to hear about a long delay in her telling anybody about these accusations."

However, shortly thereafter, complainant testified on direct examination that she called a friend on her way home from the apartment that night, and "told [her friend] what happened . . . [but] didn't tell her the whole story" and "didn't tell her [friend] that [she] didn't want [it] to happen."  The People purposefully elicited this testimony and "expected" the complainant to testify that she told her friend she had "engaged in sexual intercourse" with defendant.

Defense counsel objected and sought a mistrial or, alternatively, a ruling striking that portion of complainant's testimony regarding the alleged conversation with her friend on the night of the alleged sexual assault.  Defense counsel argued that such testimony was prompt outcry evidence, which the People had represented would not be introduced at trial.  According to defense counsel, complainant's testimony "totally change[d] [his]

trial strategy" as "it would have changed voir dire, it would have changed [his] opening [statement]."  The People characterized the testimony as a partial disclosure, claimed that it "c[a]me to . . . light at the last minute," and argued that it did not prejudice defendant.

The court concluded that the testimony described a prompt outcry,[1] but denied defendant's request for a mistrial and let the testimony stand, concluding that it was not an "unfair surprise that unduly prejudice[d] . . . defendant."  The court reasoned that the testimony was not overly prejudicial because the jury could find that complainant was incredible.

When the trial resumed, complainant testified that she fully disclosed the sexual assault to her brother-in-law and two administrators from her school some six months after it allegedly occurred.  The People then presented an expert witness, who explained the characteristics of rape trauma syndrome to the jury.  More specifically, the expert testified that delayed disclosure was a common response to sexual assault, as was disclosure to a trusted adult outside the nuclear family.  The expert further explained that sex crime victims often make "partial disclosure[s]" by minimizing or omitting the details of a sexual assault to "test[] the waters" before fully disclosing the events.  The People also introduced cell phone records, which

_____

[1] On appeal, neither party disputes that the testimony did, in fact, amount to prompt outcry evidence.

confirmed that complainant spoke with her friend shortly after 11:00 p.m. on the evening of the alleged assault, consistent with complainant's testimony that she called the friend on her way home from the apartment.

Defense counsel attempted to discredit complainant, suggesting that she fabricated the allegations of rape after a dispute with defendant regarding her relationship with his cousin. Defense counsel focused on complainant's delayed disclosure, and impeached complainant with her grand jury testimony that she did not tell anyone about the alleged rapes that night. In addition, counsel introduced into evidence probation records tending to establish that probation officers conducted a home visit at defendant's apartment during the time the People alleged that the rapes had occurred.

After the close of proof and summations, the jury found defendant guilty of two counts of rape in the third degree (see Penal Law § 130.25 [2]), criminal sexual act in the third degree (see Penal Law § 130.40 [2]), sexual abuse in the third degree (see Penal Law § 130.55), and endangering the welfare of a child (see Penal Law § 260.10 [1]). However, the jury acquitted defendant of the remaining crimes charged, which were based on a theory of lack of consent by reason other than age.

The Appellate Division affirmed, holding, in relevant part, that the trial court did not abuse its discretion by denying defendant's motion for a mistrial based on complainant's

prompt outcry testimony (107 AD3d 829 [2d Dept 2013]).  A Judge
of this Court granted defendant leave to appeal (22 NY3d 1141
[2014]), and we now reverse.

Based on this record, the trial court abused its
discretion when it denied defense counsel's motion for a mistrial
or to strike a portion of complainant's testimony.  Undisputedly,
complainant's testimony that she told her friend "what happened"
conveyed to the jury that she had engaged in sexual intercourse
with defendant that evening.  Although this testimony was
relevant, we have observed that relevancy, alone, does not render
evidence admissible because "'it may be rejected if its probative
value is outweighed by the danger that its admission
would . . . unfairly surprise a party[] or create substantial
danger of undue prejudice to one of the parties'" (People v
Davis, 43 NY2d 17, 27 [1977], cert denied 435 US 998 [1978],
quoting Richardson, Evidence [Prince--10th ed.], § 147, p. 117;
see People v Cortez, 22 NY3d 1061, 1079 [2014] [Abdus-Salaam, J.
concurring], cert denied 135 S Ct 146 [2014]).

Relying on the People's pre-trial representation,
defense counsel shaped his trial strategy -- from voir dire to
his opening statement -- based on his founded belief that
complainant did not disclose the alleged rapes until months after
they occurred.  Complainant's testimony that she disclosed her
accusations against defendant -- even partially -- the same night
as the alleged assaults, took defendant by surprise because it

was inconsistent with the People's earlier position and with complainant's grand jury testimony. Despite the People's admission that they "expected" complainant to testify in such a manner, the prosecutor inexplicably failed to convey this information to defense counsel. As a result, the surprise testimony eviscerated counsel's credibility with the jury and irreparably undermined his trial strategy.

We are not persuaded that the resulting prejudice was insubstantial. Notably, complainant's cell phone records and the expert's testimony corroborated and explained the nature and timing of complainant's disclosure, thereby exacerbating the prejudice to defendant. The People claim that complainant's disclosure was not prejudicial because she failed to tell her friend that the alleged rapes were non-consensual. This claim is unavailing. To the contrary, although unknown to the trial judge at the time of his ruling, complainant's testimony later proved especially prejudicial to defendant because the jury convicted him of the age-based charges but acquitted him of the charges based on lack of consent for reasons other than age.

Under these circumstances -- where the People failed to correct a prior representation to the court and defense counsel, where counsel was deprived of the opportunity to timely and meaningfully revise his trial strategy and emphasized the absence of any prompt outcry evidence during his opening statement, and where the error occurred early in the proceedings -- the trial

court abused its discretion by denying defendant a remedy for the unfair and prejudicial surprise (see <u>Davis</u>, 43 NY2d at 27; <u>see also</u> <u>People v Walker</u>, 83 NY2d 455, 458 [1994]).  In light of our conclusion, we need not reach defendant's ineffective assistance of counsel claim.

Accordingly, the Appellate Division order should be reversed and a new trial ordered.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order reversed and a new trial ordered.  Opinion by Judge Stein. Chief Judge Lippman and Judges Read, Pigott, Rivera, Abdus-Salaam and Fahey concur.

Decided March 31, 2015