■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WINFRED L. TAYLOR, Appellant. [21 NYS3d 300]—Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered February 23, 2012, convicting him of robbery in the second degree and assault in the third degree, upon a jury verdict, and imposing sentence. The appeal

brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his convictions of robbery in the second degree and assault in the third degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 20 [1995]; *People v Williams*, 187 AD2d 547 [1992]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of those crimes beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant contends that the branch of his omnibus motion which was to suppress identification testimony should have been granted because the identification was the result of an impermissibly suggestive showup procedure. However, the complainant's identification of the defendant near the scene of the crime was spontaneous, and not the result of a police-arranged confrontation, even though the complainant was being driven home from the hospital by the police at the time (*see People v Tlatelpa*, 107 AD3d 1022 [2013]).

The defendant's arguments regarding alleged prosecutorial misconduct during summation are largely unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Garner*, 27 AD3d 764 [2006]). In any event, the challenged remarks were either fair comment on the evidence, permissive rhetorical comment, or responsive to defense counsel's summation (*see People v Galloway*, 54 NY2d 396 [1981]; *People v Garner*, 27 AD3d at 764; *People v Rhodes*, 11 AD3d 487 [2004]).

There is no merit to the defendant's contention that he was deprived of the effective assistance of counsel based solely on defense counsel's failure to object to the alleged prosecutorial misconduct (*see People v Parker-Davidson*, 89 AD3d 1114 [2011]; *People v Dunn*, 54 AD3d 871 [2008]).

The County Court properly declined to charge the jury on

the defense of justification, because there was no reasonable view of the evidence supporting a justification charge (*see People v Baranov*, 121 AD3d 706, 707 [2014]; *People v Pine*, 82 AD3d 1498 [2011]; *People v Victor*, 176 AD2d 769 [1991]; *People v White*, 168 AD2d 962 [1990]).

The defendant's contention that the County Court violated his rights under the Confrontation Clause of the Sixth Amendment to the United States Constitution is not preserved for appellate review (*see People v Walker*, 70 AD3d 870 [2010]). In any event, the contention is without merit. While the Confrontation Clause guarantees an opportunity for effective cross-examination, it does not guarantee a cross-examination "that is effective in whatever way, and to whatever extent, the defense might wish" (*Delaware v Fensterer*, 474 US 15, 20 [1985]; *see People v Burns*, 6 NY3d 793 [2006]; *People v Goodson*, 35 AD3d 760, 761 [2006]). It is within the discretion of the trial court to limit the scope of cross-examination when questions are irrelevant, concern collateral issues, or risk misleading the jury (*see Delaware v Van Arsdall*, 475 US 673, 678-679 [1986]; *People v Francisco*, 44 AD3d 870 [2007]; *People v Legere*, 81 AD3d 746, 750 [2011]; *People v Gaviria*, 67 AD3d 701 [2009]). Here, the court's limitation of the defense cross-examination was a provident exercise of its discretion.

The defendant's remaining contentions, including those raised in his pro se supplemental brief which were not stricken on motion, are without merit. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.

Motion by the respondent to strike the appellant's pro se supplemental brief on an appeal from a judgment of the County Court, Suffolk County, rendered February 23, 2012, on the ground that it refers to matter dehors the record. By decision and order on motion of this Court dated June 25, 2015, the motion was held in abeyance and referred to the panel of Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, the papers filed in opposition thereto, and upon the argument of the appeal, it is

Ordered that the motion is granted to the extent that the "Statement of Facts" on pages 7-10, and paragraphs 10-14 on pages 13-15 and paragraphs 39-40 on page 27, are stricken from the appellant's pro se supplemental brief and have not been considered on the appeal; and it is further,

Ordered that the motion is otherwise denied. Dillon, J.P., Sgroi, Cohen and LaSalle, JJ., concur.