# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

798
KA 14-00208
PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V

MEMORANDUM AND ORDER

TIMOTHY A. JONES, DEFENDANT-APPELLANT.

LEANNE LAPP, PUBLIC DEFENDER, CANANDAIGUA (GARY MULDOON OF COUNSEL), FOR DEFENDANT-APPELLANT.

R. MICHAEL TANTILLO, DISTRICT ATTORNEY, CANANDAIGUA (JEFFREY L. TAYLOR OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, A.J.), rendered January 2, 2013. The judgment convicted defendant, upon a jury verdict, of attempted assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of attempted assault in the second degree (Penal Law §§ 110.00, 120.05 [7]), defendant contends that County Court erred in denying his request for a jury charge on the defense of justification. We reject that contention.

It is well settled that "[a] trial court must charge the factfinder on the defense of justification 'whenever there is evidence to support it' . . . Viewing the record in the light most favorable to the defendant, a court must determine whether any reasonable view of the evidence would permit the factfinder to conclude that the defendant's conduct was justified. If such evidence is in the record, the court must provide an instruction on the defense" (*People v Petty*, 7 NY3d 277, 284; *see People v Cox*, 92 NY2d 1002, 1004). Furthermore, a defendant is justified in "us[ing] physical force upon another person when and to the extent he or she reasonably believes such to be necessary to defend himself, herself, or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person" (Penal Law § 35.15 [1]; *see People v Goetz*, 68 NY2d 96, 105-106). Here, there was no reasonable view of the evidence supporting a justification charge because "[t]he threatened harm must be *imminent*" (*People v Victor*, 176 AD2d 769, 769, *lv denied* 79 NY2d 833), and here it was not (*see People v Taylor*, 134 AD3d 739, 740-741, *lv denied* 26 NY3d 1150; *Victor*, 176 AD2d at 769).

Defendant further contends that the prosecutor improperly bolstered the victim's testimony by eliciting testimony from an investigator regarding why the victim may have been reluctant to provide testimony describing the amount of pain he experienced after defendant punched him several times.  Defendant did not object to the investigator's testimony on that ground, and thus defendant's contention is not preserved for our review (*see generally People v Osuna*, 65 NY2d 822, 824).  In any event, the investigator's testimony did not in fact bolster the victim's testimony, but rather it impeached the victim's credibility by suggesting that the victim minimized the extent of his injuries.  Furthermore, "to the extent that the People's evidence included improper bolstering testimony, any error in admitting that testimony is harmless" (*People v Gibson*, 137 AD3d 1657, 1658, *lv denied* 27 NY3d 1151; *see generally People v Crimmins*, 36 NY2d 230, 241-242).  Indeed, defendant was acquitted of the assault charge that required proof that the victim sustained substantial pain.

Viewing the evidence in light of the elements of attempted assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Finally, the sentence is not unduly harsh or severe.

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court