■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT MACALUSO, JR., Appellant. [41 NYS3d 122]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Toomey, J.), rendered July 10, 2013, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The County Court properly denied that branch of the defendant's motion which was to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial (*see* CPL 30.30; *People v Waldron*, 6 NY3d 463, 467 [2006]; *People v Garcia*, 33 AD3d 1050, 1051 [2006]; *People v Yampierre*, 300 AD2d 419 [2002]; *cf. People v Dickinson*, 18 NY3d 835 [2011]). To the extent the defendant claims that a written waiver executed by his counsel on his behalf waiving his statutory right to a speedy trial is invalid because he did not know of or authorize the waiver, the claim rests on matter dehors the record and must therefore be raised by way of a motion pursuant to CPL article 440 (*see People v McDermott*, 76 AD3d 790, 791 [2010]).

Contrary to the defendant's contention, the County Court's refusal to declare a mistrial, either sua sponte or pursuant to the defendant's motion, based on a witness's testimony referring to the defendant's prior incarceration, was not error (*see People v Cooper*, 173 AD2d 551, 552 [1991]). The decision whether to grant a mistrial lies within the sound discretion of the trial court (*see People v Ortiz*, 54 NY2d 288, 292 [1981]), "which is in the best position to determine if this drastic remedy is truly necessary to protect the defendant's right to a fair trial" (*People v Christian*, 139 AD3d 870, 870 [2016] [internal quotation marks omitted]; *see People v Reaves*, 112 AD3d 746, 747 [2013]).

Here, while the challenged testimony was improper, any prejudice therefrom was alleviated by the County Court's actions in immediately striking the testimony from the record and providing curative instructions to the jury, which instruction the jury is presumed to have followed (*see People v Mait-*

*land*, 136 AD3d 1058, 1059 [2016]; *People v Reaves*, 112 AD3d at 747-748; *People v Hicks*, 84 AD3d 1402, 1402-1403 [2011]; *People v Redmon*, 81 AD3d 752, 752-753 [2011]; *People v Brescia*, 41 AD3d 613, 614 [2007]; *cf. People v Shaulov*, 25 NY3d 30 [2015]; *People v Robinson*, 26 AD3d 395 [2006]).

The record as a whole demonstrates that the defendant received effective assistance of counsel under both federal and state constitutional standards (*see Strickland v Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]; *People v Baldi*, 54 NY2d 137 [1981]; *People v Dorn*, 140 AD3d 898 [2016]).

The defendant's remaining contention is without merit. Rivera, J.P., Leventhal, Roman and LaSalle, JJ., concur.