■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH MURPHY, Appellant. [53 NYS3d 835]—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered May 1, 2014, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of robbery in the first degree arising out of his participation in the gunpoint robbery of a delivery driver, during which the driver was shot and seriously wounded. The defendant ultimately admitted his involvement in the incident in statements he made to the police, and he was further linked to the crime through DNA evidence.

Contrary to the defendant's contention, he was not deprived of a fair trial by a police detective's testimony that the defendant stated he had just gotten out of jail prior to the crime, or by the prosecutor's references to the redaction of certain portions of the defendant's statements to the authorities. While error, these matters were immediately addressed by the trial court, which struck the challenged testimony and provided the jury with lengthy and comprehensive curative instructions sufficient to dispel any prejudicial effect, rendering a mistrial or reversal unwarranted (*see People v Macaluso*, 144 AD3d 947, 947-948 [2016]; *People v Dubois*, 116 AD3d 878, 878 [2014]; *People v Redmon*, 81 AD3d 752, 752 [2011]; *People v Way*, 69 AD3d 964, 965 [2010]; *People v Whitely*, 41 AD3d 622, 623 [2007]).

The defendant failed to preserve for appellate review his contention that the admission of certain forensic evidence violated his constitutional right of confrontation (*see People v Caballero*, 137 AD3d 929, 929-930 [2016]; *People v Taylor*, 134 AD3d 739, 741 [2015]; *People v Currie*, 131 AD3d 1265, 1266 [2015]; *People v Walker*, 70 AD3d 870, 871 [2010]), and we decline to review the contention in the exercise of our interest of justice jurisdiction.

The defendant's remaining contention is without merit. Mastro, J.P., Dillon, Roman and Brathwaite Nelson, JJ., concur.