People v Conway (2018 NY Slip Op 02071)





People v Conway


2018 NY Slip Op 02071


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, CURRAN, AND TROUTMAN, JJ.


299 KA 15-00970

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN CONWAY, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered May 11, 2015. The judgment convicted defendant upon a jury verdict of, inter alia, attempted murder in the second degree and conspiracy in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and conspiracy in the second degree (§ 105.15). The conviction arises out of defendant's attempt to kill, by shooting and repeatedly stabbing him, the husband of defendant's paramour.
We reject defendant's contention that County Court erred in discharging a deaf sworn juror and replacing that juror with an alternate. After making reasonable but unsuccessful attempts to obtain the services of a sign language interpreter, the court properly exercised its discretion in determining that the deaf juror was unavailable for continued service (see People v Newton, 144 AD3d 1617, 1617 [4th Dept 2016], lv denied 28 NY3d 1187 [2017]), and that an adjournment would not enable the court to obtain the services of an interpreter but would only needlessly delay the trial (see People v Jeanty, 94 NY2d 507, 517 [2000], rearg denied 95 NY2d 849 [2000]; People v Jones, 253 AD2d 665, 665 [1st Dept 1998], lv denied 92 NY2d 983 [1998], reconsideration denied 92 NY2d 1050 [1999]). Defendant failed to preserve for our review his contention that discharging the deaf juror was contrary to Judiciary Law § 390 (1), as amended in 2015, which became effective several months after jury selection in defendant's trial (see L 2015, ch 272, § 1). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We agree with defendant that the court erred in allowing the People to introduce in evidence the photograph of a handgun taken with a camera that had been seized by the police from defendant's storage unit. Prior to trial, the prosecutor unequivocally stated that nothing seized from the storage unit would be offered at trial, and defense counsel was entitled to rely upon that statement when she argued in her opening statement that the People had no evidence tying defendant to a gun (see generally People v Shaulov, 25 NY3d 30, 34-35 [2015]). Nevertheless, we conclude that the error in admitting the photograph in evidence is harmless inasmuch as the evidence of guilt is overwhelming and there is no significant probability that defendant would have been acquitted had it not been for that error (see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Defendant failed to preserve for our review his contention that the court improperly precluded him from calling a police detective as an expert witness (see generally People v Mejia, 221 AD2d 182, 182 [1st Dept 1995], lv denied 87 NY2d 975 [1996]). Indeed, defense counsel stated that she did not plan to call the detective and the court never made any ruling on the [*2]detective's qualification to testify as an expert (see generally People v Hazzard, 129 AD3d 1598, 1600 [4th Dept 2015], lv denied 26 NY3d 968 [2015]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
The court properly refused to suppress statements made by defendant after he advised the officer conducting the interrogation that he had a lawyer on an unrelated charge. Contrary to defendant's contention, that statement, standing alone, did not constitute an unequivocal invocation of the right to counsel (see People v Henry, 111 AD3d 1321, 1321-1322 [4th Dept 2013], lv denied 23 NY3d 1021 [2014]; People v Balkum, 71 AD3d 1594, 1596 [4th Dept 2010], lv denied 14 NY3d 885 [2010]). In any event, any error in admitting the statement must be deemed harmless (see People v Young, 153 AD3d 1618, 1619 [4th Dept 2017], lv denied 30 NY3d 1065 [2017]).
Viewing the evidence in light of the elements of the crimes of attempted murder and conspiracy as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict finding defendant guilty of those crimes is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, the sentence is not unduly harsh or severe.
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court