People v Zaimi (2018 NY Slip Op 08702)





People v Zaimi


2018 NY Slip Op 08702


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-09437
 (Ind. No. 24/14)

[*1]The People of the State of New York, respondent,
v
Lani Zaimi, appellant.


Daniel L. Bibb, LLC, New York, NY, for appellant.
Robert Tendy, District Attorney, Carmel, NY (David M. Bishop of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Putnam County (Anne E. Minihan, J.), rendered September 6, 2016, convicting him of forcible touching, upon a jury verdict, and imposing sentence. By decision and order on motion dated February 27, 2017, this Court, inter alia, granted the defendant's motion to continue the stay of execution of the judgment pending hearing and determination of the appeal.
ORDERED that the judgment is affirmed, and the matter is remitted to the County Court, Putnam County, for further proceedings pursuant to CPL 460.50(5).
The defendant's contention that the exclusion of his former attorney from the courtroom during trial testimony infringed his right to a public trial is without merit. The County Court excluded the defendant's former attorney pursuant to a witness exclusion order upon the prosecutor's representation that the People would be calling that individual as a witness at the trial. Although the court subsequently precluded the witness from testifying, that did not impugn the prosecutor's good faith (see People v Marsalis, 3 AD3d 509, 510; cf. People v Ortiz, 6 AD3d 731, 732). Furthermore, the closure was strictly limited to the witnesses that would be called at trial. Under the circumstances of this case, we find no infringement of the defendant's right to a public trial (see People v Jones, 96 NY2d 213, 217; People v Thompson, 81 AD3d 670, 672, affd 22 NY3d 687; People v Marsalis, 3 AD3d 509, 510; People v Nevarez, 245 AD2d 173).
Contrary to the defendant's contention, he was not deprived of a fair trial by a police detective's testimony that the defendant had been the subject of previous investigations by the police department. While the challenged testimony was improper, the matter was immediately addressed by the County Court, which struck the challenged testimony and provided the jury with comprehensive curative instructions sufficient to dispel any prejudicial effect, rendering reversal unwarranted (see People v Murphy, 151 AD3d 888, 889; People v Macaluso, 144 AD3d 947, 947-948; People v DuBois, 116 AD3d 878, 878). The defendant's contention that he was prejudiced by testimony from other witnesses alluding to unrelated criminal investigations is without merit, as the testimony was innocuous and equivocal.
The defendant's contention that he was deprived of a fair trial by improper remarks [*2]made by the prosecutor during his summation is unpreserved for appellate review (see People v Tonge, 93 NY2d 838, 839; People v Dunning, 148 AD3d 1047, 1048; People v Spencer, 87 AD3d 751, 753, affd 20 NY3d 954). In any event, this contention is without merit, since the comments alleged to be prejudicial were fair response to the defendant's attacks on the credibility of the People's complaining witness, permissible rhetorical comment, or do not otherwise warrant reversal (see People v Galloway, 54 NY2d 396, 401; People v Ashwal, 39 NY2d 105, 109; People v Beer, 146 AD3d 895, 897; People v Thomas, 143 AD3d 1006, 1007; People v Ramrattan, 126 AD3d 1013, 1014-1015).
We agree with the County Court's determination that certain text messages between the complainant and an assistant district attorney did not constitute Rosario material (see CPL 240.45[1][a]; People v Rosario, 9 NY2d 286).
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court